United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Lisa Donaldson, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-23258-Civ-Scola |
| | ) | |
| Carnival Corporation, Defendant. | ) | |

### Order On Motion to Dismiss

This matter arises from damages the Plaintiff, Lisa Donaldson, sustained from a slip and fall incident while a passenger aboard the Carnival *Dream*. (ECF No. 8 at ¶¶ 13-14.) Donaldson has asserted nine counts against Carnival Corporation ("Carnival") and in response, Carnival has moved to dismiss the Plaintiff's complaint in its entirety, contending the Plaintiff has failed to state any claims upon which relief can be granted pursuant to Fed. R. of Civ. Proc. 12(b)(6). After careful review of the complaint, the briefing, and applicable legal authorities, the Court **grants in part** and **denies in part** the Defendant's motion, as further set forth below. (**ECF No. 13**.)

## I.   Background

Donaldson was a passenger on the Carnival *Dream* in October 2019. (ECF No. 8, at ¶ 12.) While aboard the *Dream*, Donaldson slipped and fell while descending stairs between deck 11 and deck 10 on "wet and/or unreasonably slippery and poorly maintained steps." (ECF No. 8, at ¶ 14.) After her first slip, the Plaintiff stood up and attempted to continue down the stairs, only to slip and fall again. (ECF No. 8, at ¶ 14.) Plaintiff claims that the stairs were set up in such a way that it was "difficult for Plaintiff to decern [sic] that [the stairs] were wet and/or slippery prior to Plaintiff's fall" and further asserts that the "handrails were unreasonably slippery and/or otherwise inadequate to prevent or mitigate Plaintiff's incident." (ECF No. 8, at ¶ 14.) As a result of her falls, the Plaintiff claims to have suffered "severe injuries that include . . . fractures and/or a trimalleolar fractur [sic] to her left ankle, torn ligaments, torn tendons, . . . and/or other damages/injuries." (ECF No. 8, at ¶ 14.) Donaldson also claims that Carnival failed to provide the Plaintiff with adequate medical care. (ECF No. 8, at ¶ 14.) Plaintiff contends that the dangerous conditions on the steps between decks and 11 and 10 "were known or should have been known by Defendant because Defendant's crew members regularly used this area . . . and because of the lengthy period of time the conditions existed," among other reasons. (ECF No. 8, at ¶ 15.)

## II.   Legal Standard

### A. Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Id.* at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## III.   Analysis

### A. Counts I (Negligent Hiring and Retention) and II (Negligent Supervision and Training)

The Plaintiff argues that Carnival "breached the duty of reasonable care owed to Plaintiff and was negligent through negligently vetting, selecting, hiring, and/or retaining its crewmembers responsible for inspecting, cleaning, and/or

maintaining the subject area and the vicinity." (ECF No. 8, at ¶ 36.) Accordingly, the Plaintiff argues that Carnival "knew or should have known that the ship's crewmembers were dangerous and incompetent and liable to do harm to its passengers." (ECF No. 8, at ¶ 41.) Moreover, the Plaintiff alleges that "prior to and during the course of employment . . . Defendant became aware or should have become aware of problems with said crewmembers that indicated their unfitness and/or predisposition to failing to adequately inspect, clean, and/or maintain" the ship" because the "Defendant received complaints of these crewmembers' incompetence and/or was otherwise aware they lacked" qualification. (ECF No. 8, at ¶ 63.) The Defendant, on the other hand, argues that the Plaintiff's allegations are nothing more than "vague, general statements of law" that fail to state a claim under applicable pleading standards. (ECF No. 18, at 2.)

The Court agrees with the Defendant. The Plaintiff has failed to adequately state a claim under Counts I and II as the Court finds the Plaintiff's pleadings are "fact-free, wholly conclusory, boilerplate allegations" that the cruise line knew or should have known about alleged deficiencies with respect to its crewmembers, and therefore do not do enough to plead facts making its claims plausible rather than merely possible. *Doe v. NCL (Bahamas) Ltd.*, No. 16-cv-23733, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.); *see also* Fed. R. Civ. P. 8. As this Court recently stated, where a Plaintiff's pleading could be "interchangeably alleged against *any* cruise line defendant" the Plaintiff has failed to adequately state a claim. *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *6 (S.D. Fla. Oct. 21, 2020) (Scola, J.). The Plaintiff offers no specific facts as to the Defendant's crewmembers showing any alleged negligence in support of Counts I and II. Such threadbare allegations fail to satisfy federal pleading standards.

While the Plaintiff alleges that Carnival should have been aware of supposed deficiencies with its crew, due to alleged "complaints," the Plaintiff provides absolutely no details of complaints or facts specific to the *Dream*, the *Dream's* crew, or even with respect to Carnival as a company in support of its allegations. In fact, the Plaintiff offers nothing, other than stating such complaints apparently exist. The Plaintiff cannot simply state there are "prior incidents and/or complaints" in support of its claims without more. *See Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2019 WL 8895223, at *4 (S.D. Fla. Nov. 15, 2019) (Scola, J.)(finding prior incidents must have an "apparent connection" to the plaintiff's case, and that the plaintiff must include factual allegations showing how prior incidents put the cruise line on notice of a dangerous condition regarding the specific incident at issue); *see also Polanco v. Carnival Corp.*, No. 10-21716-Civ., 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (Jordan, J.) (finding allegations to be "meager" and "wholly conclusory"

where a plaintiff provides "no details about the similar past incidents" mentioned in the complaint.).

In sum, the Court concludes that the Plaintiff cannot simply state that the Defendant has been negligent and advance boilerplate allegations supporting its negligence claims where those claims are devoid of any *facts*. Accordingly, the Court dismisses Counts I and II of the amended complaint.

**B. Counts III (Negligent Failure to Warn), V (Negligence Based on Vicarious Liability), and VI (Negligent Failure to Take Reasonable Measures for the Safety of the Plaintiff).**

The Plaintiff next alleges that Carnival is liable for negligent failure to warn and for negligent failure to take reasonable measures for the safety of its passengers. (ECF No. 8, at ¶¶ 70-85; ¶¶119-130.) In its motion, Carnival argues that Donaldson leaves "Carnival guessing as to what the alleged risk-creating condition is by claiming a multitude of breaches . . . in a conclusory, vague, boilerplate fashion" and moreover that any claims of "prior incidents" are too conclusory or vague to establish that Carnival had notice of the alleged dangerous condition. (ECF No. 13, at 8-9.) The Plaintiff disagrees with the Defendant, arguing its allegations that the dangerous conditions were known or should have been known by Defendant because "the Defendant's crew members regularly used this area and were familiar with the dangers . . . , because of the lengthy period of time the conditions existed, the amount of water present in the subject area, the fact that passengers were known to use the subject area . . . , prior incidents and/or complaints . . . , and/or other reasons." (ECF No. 15, at 7-8.)

For purposes of this motion, the parties agree that maritime law applies to the instant action. (ECF No. 13, at 3; ECF No. 15, at 3.) Under federal maritime law, to prevail on a tort claim "'a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm'". *Kulakowski v. Royal Caribbean Cruises, Ltd.*, No. 16-21375-Civ, 2017 WL 237642 (S.D. Fla. Jan. 18, 2017) (King, J.) (quoting *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 730 (11th Cir. 2015)). The duty owed by a ship owner to its passengers is "ordinary reasonable care under the circumstances." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). As a "prerequisite to imposing liability" the Plaintiff must allege that Carnival had "actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322.

As above, the Court once again finds the Plaintiff's complaint to be entirely conclusory. The Complaint provides no details supporting the Plaintiff's allegations that the *Dream's* crew members regularly used the stairs between

decks 11 and 10, that the alleged dangerous condition existed for a "lengthy period of time," or that prior incidents or complaints exist as to this alleged dangerous condition. Here, as above, the Plaintiff simply states that such prior incidents and complaints exist without providing more. Certainly, it is *possible* that such complaints exist, but that does not mean the Plaintiff has met its burden in satisfaction of federal pleading standards. *Doe*, 2016 WL 6330587, at *3; *see also* Fed. R. Civ. P. 8. The Plaintiff could offer information in its complaint such as having observed crewmembers used the stairs where the Plaintiff was injured or information to support the "lengthy period of time" the alleged dangerous condition existed; however, the Plaintiff offers no such information in her complaint. Accordingly, the Court finds that the Plaintiff has failed to adequately allege that Carnival was on actual or constructive notice of the risk-creating condition under Counts III and VI.

For the similar reasons stated with respect to Counts I and II, the Court finds that Counts III and Counts VI of the Plaintiff's complaint should be dismissed. As Count V of the Plaintiff's complaint appears to be based on the same information underlying Counts III and VI, the Court dismisses Count V of the complaint for the same reasons it dismisses Counts III and VI. *See, e.g.*, *Medina v. United Christian Evangelistic Ass'n*, 2009 WL 653857, at *3 (S.D. Fla. March 10, 2009) (Cooke, J.) (dismissing analogous vicarious liability claim for same reasons as dismissing underlying tort).

### C. Counts IV (Negligent Design, Installation, and/or Approval)

The Court now turns to Count IV of the Plaintiff's complaint, which argues the Defendant is liable to the Plaintiff based on negligent design of the area in which the Plaintiff was injured. In support of its claim, the Plaintiff says its allegations that "the subject stairs and handrails were uneven" are sufficient to state a claim for negligent design. (ECF No. 15, at 9.) Carnival, on the other hand, argues that the complaint alleges "[e]very single hypothetical flaw of a shipboard stairway . . . in quick succession" and aside from these "bare conclusory allegations" the complaint is "devoid of facts to support a claim for negligent design." (ECF No. 13, at 11.) For reasons other than those advanced by the Plaintiff, the Court finds that the Plaintiff has adequately stated a claim sufficient to survive a motion to dismiss on its claim for negligent design. The Court notes that it found particularly unhelpful the Plaintiff's argument that the Defendant should have clarity with respect to the Plaintiff's claims because "Plaintiff's counsel has litigated numerous cases against it." (ECF No. 15, at 9.)

In order to adequately state a claim for negligent design, a plaintiff must advance facts that support a finding that the defendant "'actually designed' the dangerous condition at issue." *Gordon v. NCL (Bahamas) Ltd.*, No. 18-cv-22334,

2019 WL 1724140, at * (S.D. Fla. April 15, 2019) (Moore, J.) (quoting *Rodgers v. Costa Crociere, S.P.A.*, 410 F. App'x 210, 212 (11th Cir. 2010)). Under the law of the Eleventh Circuit a cruise line "can be liable only for negligent design . . . if it had actual or constructive notice of such hazardous condition." *Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837, 837 (11th Cir. 2012).

While the Plaintiffs allegations are not well developed, they do withstand scrutiny at the motion to dismiss stage. Indeed, this Court has previously held that where a plaintiff, as here, alleges that a cruise line defendant "specifi[ed], approv[ed] and/or accept[ed]" and was "intimately involved with and ultimately approved . . . the design" of the area that caused injury to a plaintiff, the plaintiff has stated allegations that are generally sufficient to survive a motion to dismiss. *Castillo v. NCL Bahamas Ltd.*, No. 1:17-CV-23545, 2018 WL 1796260, at *4 (S.D. Fla. Jan. 5, 2018) (Garber, Mag. J.), *report and recommendation adopted by* 2018 WL 1795442 (S.D. Fla. Feb. 23, 2018) (Scola, J.). Here, the Plaintiff's complaint puts forth allegations similar to those advanced in *Castillo*, and more. For example, the complaint states that the "Defendant participated in the design process" (ECF No. 8, at ¶ 88); "approved of the Carnival *Dream*, including providing specifications to the shipbuilder" (ECF No. 8, at ¶ 89); and "Defendant maintains the contractual right to participate, review, modify, and/or reject the design plans" (ECF No. 8, at ¶ 91). Taking these allegations as true, as the Court must at this stage, the Court finds that these allegations support a finding that Carnival may have "actually designed" the staircase where Plaintiff was injured and accordingly, Carnival may have been on actual or constructive notice of the danger posed by the staircase in question sufficient to support a claim for negligent design. Accordingly, the Court finds that the Plaintiff has adequately stated a claim for negligent design and therefore denies the request to dismiss Count IV of the Complaint.

### D. Counts VII (Vicarious Liability for Negligence of the Ship's Medical Staff); VIII (Apparent Agency for the Acts of the Ship's Medical Staff); IX (Assumption of Duty for the Negligence of the Ship's Medical Staff)

The final claims advanced by the Plaintiff relate to the ship's medical staff. The Plaintiff alleges that the *Dream's* medical staff breached its duties by "failing to adequately supply and equip its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries" (ECF No. 8, at ¶ 145); and failing to treat the Plaintiff "in a reasonable amount of time" (ECF No. 8, at ¶ 146), among other reasons. (*See* ECF No. 8, at ¶¶ 147, 165, 178 (advancing identical allegations under Counts VII, VIII, and IX).)

Once again, the Court finds the Plaintiff's claims with respect to the Defendant's medical staff to be threadbare. The Defendant provides *no facts*

*whatsoever* as to how the Defendant failed to provide adequate medical care and why the care that was provided was not provided in a timely fashion. For instance, the complaint could detail, what time the Plaintiff fell, what time the Plaintiff was attended to by the ship's medical staff, who from the medical staff attended to the Plaintiff, how the Plaintiff was taken from the site of her accident to the ship's infirmary, the measures taken by the ship's medical staff to treat the Plaintiff, and how any of those facts contributed to the Plaintiff's injuries. The Plaintiff's complaint provides none of this information and therefore fails to satisfy applicable federal pleading standards. For reasons stated above, the Court finds the Plaintiff's conclusory and boilerplate allegations fail to state a claim. Accordingly, the Court dismisses Counts VII, VIII, and IX of the Plaintiff's complaint.

## IV.   Conclusion

For the reasons set forth above, the Court **grants in part,** as to Counts I, II, III, IV, V, VII, VIII, and IX and **denies in part,** as to Count IV, Carnival's motion to dismiss (**ECF No. 13**).

**Done and ordered**, in Miami, Florida on November 18, 2020.

Robert N. Scola, Jr.
United States District Judge