United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Lisa Donaldson, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-23258-Civ-Scola |
| | ) | |
| Carnival Corporation, Defendant. | ) | |

**Order On Motion For Leave To File Second Amended Complaint**

This matter is before the Court upon the Plaintiff's motion to file a second amended complaint. (ECF No. 20.) The Plaintiff filed her first complaint in this matter on August 5, 2020. Thereafter, on August 28, 2020 the Defendant filed a motion to dismiss the Plaintiff's complaint. (ECF No. 7.) On September 10, 2020, rather than file a response to the Defendant's motion, the Plaintiff filed her first amended complaint. (ECF No. 8.) The Defendant then moved a second time on October 4, 2020 to dismiss the Plaintiff's complaint. (ECF No. 13.) Thereafter, the Court issued a scheduling order in this matter, setting a deadline of November 9, 2020 for the parties to "join additional parties or to amend pleadings." (ECF No. 14.) The Defendant's motion to dismiss became ripe for adjudication on October 28, 2020, and on November 18, 2020, the Court entered an order granting in part and denying in part the Defendant's motion to dismiss. (ECF No. 19.) On December 21, 2020, over four weeks after the Court entered its order and a month and a half after the deadline to amend pleadings had passed, the Plaintiff filed the instant motion seeking leave from the Court to file a second amended complaint pursuant to Federal Rule 15(a)(2).

The Plaintiff's motion misses the mark. The Defendant's second motion to dismiss put the Plaintiff on notice of her pleading's shortcomings. At that point, the Plaintiff had a choice: stand on her pleadings and oppose the motion to dismiss, or request leave to amend to address her pleading's flaws. As a tactical decision, the Plaintiff chose to oppose the motion and lost. The Court will not now afford the Plaintiff yet another bite at the apple where she declined "to follow the well-trodden procedural path toward amendment." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x 925, 930 (11th Cir. 2016). While it is certainly true that our legal system favors the resolution of cases on their merits, that rule is not without limits. Especially where, as here, the plaintiff's own strategic decisions dictated the course of this litigation. Here, the Plaintiff reviewed the Defendant's motion to dismiss, vigorously opposed it and then sat back and waited to see if the Court would let her pleading stand. Over a month after the Court issued its order, the Plaintiff suddenly came up with a litany of new facts that she claims will fix her pleading's deficiencies. The Plaintiff had every opportunity to fix

the deficiencies the Defendant identified prior to the Court's careful and thorough review. She should have taken her best shot from the get-go and not waited for the Defendant and the Court to have worked through her pleading before bothering to inform all involved that she had a better pleading in her quiver, in case things went badly for her. At bottom, this delay was a tactical choice that does not warrant leave to amend well over a month after the deadline.

While Rule 15(a)(2) certainly requires "[t]he court [to] freely give leave" to amend "when justice so requires," the Plaintiff has sought leave to amend long after the deadline to do so has passed. When leave to amend is sought **after** the deadline to amend the pleadings has passed, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). That is, the movant must also show "good cause" under Federal Rule of Civil 16(b)(4) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted). As discussed above, the Plaintiff has failed to satisfy Rule 16(b) as she did not show good cause justifying her untimely proposed amendment. She merely made the strategic choice to await the Court's ruling. "Permitting another round of amendments" at this point, "would . . . unduly protract [these] proceedings . . . and promote[] judicial inefficiency." *Eiber*, 673 Fed. App'x at 930.

For the foregoing reasons, the Court **denies** the Plaintiff's motion for leave to amend. (**ECF No. 20**.)

**Done and ordered**, in Miami, Florida on January 6, 2021.

Robert N. Scola, Jr.
United States District Judge