United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lisa Donaldson, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-23258-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

### Order On Motion To Reconsider

This matter is before the Court upon the Plaintiff's motion to reconsider the Court's order denying the Plaintiff's motion for leave to file a second amended complaint. (ECF No. 23.)

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). To obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

Ignoring the fact that the Plaintiff's new arguments pursuant to Federal Rule 16 are procedurally improper as they were not raised in the Plaintiff's initial motion (but considering them nonetheless), the Plaintiff states as the basis for the instant motion that she did not timely seek leave to file a second amended complaint due to her "good-faith belief that she had filed a sufficient complaint, and thus, it was not undue delay to wait for this Honorable Court to rule on Defendant's Motion to Dismiss before deciding whether to seek leave to amend." (ECF No. 23, at 4.) Accordingly, it is the Plaintiff's position that the Court's decision denying her request for leave to file a second amended complaint constitutes manifest injustice warranting reconsideration.

The Plaintiff's stated reason for failing to amend her complaint is plainly insufficient and ignores the reasoning set forth in the Court's prior order. As the Court stated, after the Defendant filed its second motion to dismiss "the Plaintiff

had a choice: stand on her pleadings and oppose the motion, or request leave to amend to address her pleading's flaws . . . the Plaintiff's own strategic decisions dictated the course of this litigation." (ECF No. 22, at 1.) The Plaintiff has failed to explain why the facts she now wants to insert into her proposed second amended complaint were not stated in her initial complaint or her first amended complaint, or alternatively why such facts were unavailable to her prior to seeking leave to amend. *See Watkins v. Bigwood*, No., 2020 WL 4922359, at *3 (S.D. Fla. Aug. 21, 2020) (Bloom, J.) (collecting cases and finding good cause for a *pro se* plaintiff to untimely amend complaint where the defendants' discovery responses and additional research gave the plaintiff a better understanding of how to assert his claims). These realities were fatal to the Plaintiff's initial request for leave to amend and remain unaddressed in the instant motion to reconsider. The Plaintiff "should have taken her best shot from the get-go." (ECF No. 22, at 2.) The Plaintiff's decision to make a strategic choice to await the Court's ruling on the Defendant's motion to dismiss does not constitute good cause justifying the Plaintiff's untimely proposed amendment.

     In sum, the Court **denies** the Plaintiff's motion to reconsider. (**ECF No. 23**.)

     **Done and ordered**, in Miami, Florida on January 11, 2021.

Robert N. Scola, Jr.
United States District Judge