United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Lisa Donaldson, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-23258-Civ-Scola |
| | ) | |
| Carnival Corporation, Defendant. | ) | |

### Order

This matter is before the Court upon the Defendant Carnival Corporation's objection to United States Magistrate Judge Edwin G. Torres's order (ECF No. 50) granting in part and denying in part the Plaintiff's motion to strike the Defendant's affirmative defenses. For the reasons stated below, the Court **overrules** the Defendant's objections. (**ECF No. 53**.)

In its objection to the Magistrate Judge's order, the Defendant states that Judge Torres's decision to strike Carnival's seventeenth affirmative defense was "based on a mistaken reading of Carnival response to Plaintiff's Motion to strike" and therefore was in error. (ECF No. 53, at 2.) Carnival also appears to acknowledge that Judge Torres's decision was based on Eleventh Circuit precedent, which the Defendant believes was decided "in error" and therefore notes in its objection that it is also objecting to "preserve its right to appeal." (ECF No. 53, at 2, 7.) Carnival's seventeenth affirmative defenses states, in relevant part, that "any award of damages to the Plaintiff, if any, should be reduced by any collateral source payments paid to and/or received by the Plaintiff. Plaintiff's damages as to past medical expenses, if any, must be limited to the amounts paid and accepted by Plaintiff's treating physicians." (ECF No. 24, at 8-9.) Judge Torres concluded, because of the Eleventh Circuit's precedent in *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020), that Carnival's seventeenth affirmative defense was due to be struck.

Where a magistrate judge issues a non-dispositive order, the Court reviews that order under a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a). A number of courts have said that a ruling can be shown to be clearly erroneous only when it can be concluded that the challenged decision is not "just maybe or probably wrong; it must strike us with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Put another way, a finding is clearly erroneous, when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005). An order is contrary to the law when it fails to apply or misapplies relevant statutes, case

law, or rules of procedure. *Barr v. One Touch Direct, LLC*, No. 8:15-cv-2391, 2017 WL 749503, at *2 (M.D. Fla. 2017).

The Court has reviewed the Defendant's objections and Judge Torres's order, and finds the Defendant has failed to show that Judge Torres's conclusion was clearly erroneous or contrary to law. In his order, Judge Torres notes that the Defendant is permitted to introduce evidence of the actual amounts the Plaintiff paid for her medical care, but notes that the Defendant's affirmative defense is in conflict with *Higgs* insofar as it seeks to declare that Plaintiff's damages "must be" limited to the amounts paid and accepted by the Plaintiff's treating physicians. As Judge Torres noted, *Higgs* states that a plaintiff in a maritime tort case is permitted "to recover damages for a harm for which she has already been compensated" under the collateral source rule and therefore the Defendant's defense that damages "must be" limited is in conflict with *Higgs*. (ECF No. 50, at 11 (quoting *Higgs*, 969 F.3d at 1310).) Indeed, the Eleventh Circuit noted that the appropriate measure of past medical expense damages in a maritime tort case "is the amount to be determined to be reasonable by the jury upon its consideration of all relevant evidence, including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer." *Higgs*, 969 F.3d at 1317. Accordingly, Judge Torres correctly noted that, consistent with Eleventh Circuit precedent, the Defendant may introduce evidence regarding the actual amounts paid for by the Plaintiff for her medical care, but a defense that any damages "must be" limited to amounts paid and accepted by the Plaintiff's treating physicians is inconsistent with *Higgs*. Just as Judge Torres stated in his order, this Court is will not entertain the Defendant's arguments that *Higgs* was improperly decided. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("a district court in this circuit is bound by this court's decision.").

Accordingly, the Court **overrules** the Defendant's objections to Judge Torres's order on the Plaintiff's motion to strike. (**ECF No. 53**.)

**Done and ordered**, in Miami, Florida on May 14, 2021.

_____
Robert N. Scola, Jr.
United States District Judge